IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTIAN HILL, #02482770, PLAINTIFF, | § § § § |
| v. | §   CIVIL CASE NO. 3:23-CV-1663-D-BK |
| BRAD NORMAN, ET AL., DEFENDANTS. | § § § § |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed below, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.

It has come to the Court's attention that Plaintiff is no longer confined at the Beto Unit of the Texas Department of Criminal Justice Institutional Division.[1] Plaintiff has failed to inform the Court of his current address. On August 4, 2023, shortly after the complaint was filed, the Court notified Plaintiff of the requirement to keep the Court informed of his change of address or his case may be dismissed. *See* Doc. 5, *Filing Fee Order* (notifying the plaintiff of the responsibility to inform the Court of any change of address and that failure to do so may result in the dismissal of the case for failure to prosecute or follow a court order); *see also* Doc. 9 and

---

[1] The TDCJ inmate locator is available at https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=07549774 (last accessed on May 22, 2024).

Doc. 13 (same warning in the first and second amended filing fee orders); Doc. 2 (same warning in the *Notice and Instruction to Pro Se Party*).

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has failed to keep the Court informed of his current address as required by the Court's orders/directives. Consequently, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on May 22, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).